Abraham J. Gellinoff, J.
This is a CPLR article 78 proceeding, brought by 3 of the 5 Republican members of the New York City Council, seeking a judgment directing respondents, the president, vice-chairman, clerk and minority leader of the council, to recognize petitioner Mele as minority leader of the council.
At the convening of the present council, the Republican minority, by a vote of 3 of its 5 members, selected respondent Arculeo as minority leader for the term of the council, namely, three years. This vote appears to have followed an informal caucus of the three councilmen, to which the other two were not invited.
Some time later, three of the Republican councilmen, apparently dissatisfied with Arculeo’s leadership, sent a notice of a "hearing” with respect to charges against him. Arculeo failed to attend the "hearing,” and, after making statements for the record concerning the charges, the three councilmen declared the office of minority leader vacant, and selected Mele to fill the vacancy.
At the following meeting of the council, petitioners sought a ruling from the president that Mele was to be recognized as minority leader. The president declined to so rule, stating: "We, in this body, have no right to determine who is the Minority Leader in this body and these communications have no significance except to notify the body of an action taken by those reports, to sign them. That is the end of that * * * In recognizing that this was going to be a problem, I checked with the Statute [sic] of the State of New York. I found no guidance there. I checked with the Rules of this body; I wasn’t tremendously enlightened by that. I looked at the City Charter, and found nothing there to give me guidance, before I could take it upon myself to make a ruling. With respect — I have enough trouble with the Democratic Party, and for me to take on a job of making a ruling as to who should or should not be Minority Leader, I would have to have specific authority with respect to it. The only reported case dealing with this body in the courts was Cashmore against Morris, and that, certainly, had to do with an entirely different issue, and the ruling was of no guidance and found, as far as I was concerned, I don’t have any jurisdiction to make a ruling on that *328 aspect, and I think neither does this body”. In this proceeding, petitioners assert that the minority leader serves at the will of the minority members, and may be removed, with or without cause, at any time. Further, they assert that, even if cause must be shown, the hearing on the charges against Arculeo adequately established such cause. Finally, they challenge the legality of Arculeo’s initial selection, claiming that two of them were improperly excluded from an official party caucus.
From the papers submitted, the court’s view is that the petition lacks merit. Arculeo was elected by the minority members for the full term of the council, apparently in keeping with the tradition of that office. Petitioners have failed to produce authority justifying their claim that one selected for a specific term may nevertheless be ousted at will. Moreover, examination of the transcript of the "hearing” reveals that it was not a true hearing — the statements made were not under oath — nor were the grounds upon which the purported ouster was predicated much more than manifestations of political differences. Finally, the "caucus” preceding Arculeo’s election has not been shown to be anything more than a private meeting of political allies agreeing upon a course of action.
But the instant petition must be dismissed upon a more fundamental ground. The basic precept of separation of powers between the three branches of government precludes this court from interfering in the internal affairs of the city council.
The position of minority leader of the council, as the president of that body aptly noted in his statement above quoted, is not defined with any precision either in appropriate legislation or in the rules of the council. The position is created by the rules of the council [rule 4.10], which provide: "Minority Leader — The Minority Leader shall be chosen by the members of the Council of the political party which controls the most number of votes after the majority party. In his absence, the Minority Leader shall designate, in writing, any member of his party to perform his duties for that legislative day.” The only other legislative reference to the position is section 25-1.0 of the Administrative Code of the City of New York, which provides for added compensation and emoluments for the incumbent of that office. No statute or rule provides for the term of office, nor grounds for removal.
Where legislation, or the rules of the council provide suffi *329 cient guidance, the court may perform its traditional function of interpretation. Thus, in Morris v Cashmore (253 App Div 657, 663-664), the court interpreted the language of the city charter, which created the office of vice-chairman of the council, and described the functions and duties of that office, and held that the vice-chairman, an elected official of the council, had duties that were inconsistent with his being subject to recall at will. Thus, his "election” was determined to be for the full term of the council.
Here, however, the court operates in a vacuum. The rules of the council create the office of minority leader, but give no indication of his duties and responsibilities. And the Administrative Code does not, in the council president’s words, "tremendously enlighten”. It is for the council, not this court, to determine the method of selection, the tenure, and the duties of the minority leader.
The application is therefore denied, and the petition is dismissed.